ERIC HEIMANN
United States Attorney
JEREMY A. GROSS (WY Bar # 7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
jeremy.gross@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 JAN -3  PM 3: 10

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2021 NISSAN ROGUE SUV, | ) | Case No. |
| VIN # JN1BJ1AV0MW308183; | ) | |
| | ) | |
| ANDERSON MANUFACTURING AM-15 5.56 | ) | |
| CAL. RIFLE BEARING S/N 20079928; | ) | |
| | ) | |
| GLOCK INC. MODEL 17 9MM PISTOL | ) | |
| BEARING S/N AETZ389; | ) | |
| | ) | |
| MAVERICK ARMS MODEL 88 12 GAUGE. | ) | |
| SHOTGUN BEARING S/N MV09835V; | ) | |
| | ) | |
| RUGER MODEL LCP .380 CAL. PISTOL | ) | |
| BEARING S/N 381430209, | ) | |
| | ) | |
| ASSORTED MAGAZINES AND AMMUNITION | ) | |
| | ) | |
| Defendants. | | |

## UNITED STATES OF AMERICA'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America, by and through the United States Attorney for the District of Wyoming, and Assistant United States Attorney Jeremy A. Gross, brings this verified complaint for forfeiture in a civil action *in rem*, in accordance with Supplemental Rule G(2) of the

Federal Rules of Civil Procedure, against: (1) a 2021 Nissan Rogue SUV with a VIN number of JN1BJ1AV0MW308183; (2) an Anderson Manufacturing AM-15, 5.56 Caliber Rifle bearing serial number 20079928; (3) a Glock Inc. Model 17, 9MM Pistol bearing serial number AETZ389; (4) a Maverick Arms Model 88, 12 gauge Shotgun bearing serial number MV09835V; (5) a Ruger Model LCP, .380 Caliber Pistol bearing serial number 381430209; and (6) all magazines and ammunition seized on July 4 & 5, 2024 (collectively, "Defendant Property"). In support of this complaint, the United States alleges as follows:

## I.    NATURE OF ACTION AND THE DEFENDANTS IN REM

1.    The plaintiff is the United States of America.

2.    Defendant Property includes all guns, magazines, and ammunition found to be in the possession of Samson Lucas Bariah Fussner on July 4, 2024, as well as all guns, magazines, and ammunition seized from the 2021 Nissan Rogue on July 4 and 5, 2024.

3.    Defendant Property also includes a 2021 Nissan Rogue with a VIN # JN1BJ1AV0MW308183, which was staged as a primary getaway vehicle and as a mode of transportation to assist Fussner in reaching further targets.

## II.    JURISDICTION AND VENUE

4.    This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(G)(i), (ii), and (iii), as well as 18 U.S.C. §§ 924(c) & (d).

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

6.    This Court has *in rem* jurisdiction over the Defendant Property and venue pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture took place in the District of Wyoming, and pursuant to 28 U.S.C. § 1395(b) because the property to be forfeited was found within the District of Wyoming.

7.     All property subject to forfeiture under this complaint was seized within the boundaries of the Yellowstone National Park, within the District of Wyoming. As of the date of this action, the 2021 Nissan Rogue remains in federal custody within Yellowstone National Park, the four firearms are in federal custody in Quantico, Virginia, and the assorted magazines and ammunition are located in federal custody in both Denver, Colorado and Lander, Wyoming.

### III.   SUMMARY OF THE FACTUAL BASIS FOR FORFEITURE

8.     On July 3, 2024, at approximately 10:00 pm, Samson Lucas Bariah Fussner ("Fussner") held Victim 1 hostage for approximately two hours in her dorm room in the Grizzly Dorm in Canyon Village, Yellowstone, Wyoming. During this time, Fussner made inflammatory comments about immigrants, African Americans, and Jews, including how they were negatively affecting the country. Fussner also expressed his plan to carry out mass shootings at the employee dining room in Canyon Lodge and the fireworks display at West Yellowstone, Montana. At approximately midnight, Fussner left Victim 1, unharmed. Victim 1 immediately called for help and National Park Service (NPS) Rangers were notified. Rangers attempted to locate Fussner that night but were unsuccessful. Because of the threat of a mass shooting, Rangers were posted around Canyon Lodge and Grizzly Dorm for protection of the attendees.

9.     At 8:05 am on July 4, 2024, Fussner walked out of the forested area near Canyon Lodge where he was observed by Ranger 1 who was standing near Grizzly Dorm. Ranger 1 yelled at Fussner and Fussner immediately fired an AR style rifle at Ranger 1, who took cover. Fussner then approached the Canyon Lodge loading dock and back entry to the employee dining room. Rangers 2 and 3 were posted inside the Canyon Lodge with a vantage point towards the loading dock and back entry to the employee dining room. Ranger 2 saw Fussner approaching and the two exchanged gunfire. Ranger 2 was hit in the right foot. Ranger 3 then opened fire on Fussner at

close range. Ranger 1, who had followed Fussner after being shot at, simultaneously rounded a corner, and observed Fussner. Ranger 1 also engaged Fussner, likely hitting him.

10.     During the attack Fussner was armed with an AR-15 style rifle, later identified as the Anderson Manufacturing AM-15 5.56 caliber rifle bearing serial number 20079928, as well as a Glock model 17 9MM pistol bearing serial number AETZ389, and numerous magazines with ammunition. During further search of Fussner's vehicle, a 2021 Nissan Rogue bearing VIN # JN1BJ1AV0MW308183, which was strategically parked on the other side of the employee dining hall, NPS officers discovered a Ruger brand .380 caliber pistol bearing serial number 381430209, a Maverick Arms Model 88 12 gauge shotgun bearing serial number MV09835V, and an assortment of magazines and ammunition.

11.     Ranger 2 suffered a severe foot injury, losing multiple toes as a result of Fussner shooting him. Somehow, due to the quick response and positioning of law enforcement, Fussner was not able to harm anyone further.

12.     Plaintiff alleges that the Defendant Properties are assets acquired or maintained by Fussner with the intent and for the purpose of supporting, planning, conducting, or concealing a Federal crime of terrorism, as that term is defined at 18 U.S.C. § 2332b(g)(5). Furthermore, Plaintiff alleges that the Defendant Properties are assets derived from, involved in, or used or intended to be used to commit a Federal crime of terrorism, as that term is defined at 18 U.S.C. § 2332b(g)(5). Specifically, in attempting to carry out an attack on the employee dining room at Canyon Lodge, and in actually shooting at federal NPS employees, Fussner intended to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and violated 18 U.S.C. § 1114 (prohibiting the killing or attempted killing of any officer

or employee of the United States). The above captioned assets are therefore subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(G)(i), (ii), and (iii).

13.    Plaintiff further alleges that the Defendant Property, except for the 2021 Nissan Rogue, are firearms or ammunition involved in or used in a knowing violation of § 924(c), which prohibits the use, carrying, or possession of a firearm in relation to a crime of violence.

## IV.    FACTS GIVING RISE TO FORFEITURE

### A.    Fussner's Plans for Pro White Nationalist Violence

14.    Beginning at an unknown time, but no later than July 1, 2024, Fussner engaged in the planning of and preparation to carry out a terrorist attack against the United States, its citizens and their property. Fussner's plans culminated in the kidnapping of one female victim and a shoot-out with NPS employees on July 4, 2024, within the boundaries of Yellowstone National Park.

15.    Prior to July 4, Fussner had a history of expressing white supremacist and antisemitic views. Fussner was an active member of the Vanguard News Network, a website and forum dedicated to white supremacist and antisemitic viewpoints.

16.    In one post from March 16, 2024, Fussner stated he was, "on the precipice of a breakdown." Fussner recounted his depression, loneliness, and mental anguish. He reiterated his belief in and desire for a white nation, while lamenting his inability to connect with others. Fussner stated he despises Christians, elaborating that he, "refuse[s] to fraternize with race-traitors that support non-whites or jews." Fussner then stated, "This year may well be my last. I do not believe in suicide, but I do believe in a last stand." He further wrote that he was attempting to get a seasonal job in a "nice white mountainous area or state park" to get into better surroundings and expose himself to different white people. He further explained: "If I am still unable to make something of that experience, look forward to someday seeing me in the news."

17.    Leading up to July 4, 2024, Fussner revealed to his brother his plans to commit a mass shooting. On July 1, while complaining about his mental health and his problems with women, Fussner texted his brother "Im very upset right now and need to apply for lots of jobs so [I] can leave here asap otherwise i will go postal here." This was followed up by a text where Fussner told his brother, "I can't do it anymore. I think 4th of July would be a good time. Lots of crowds and theyd think it was fireworks." His brother responded, "Yeah maybe. Fireworks allowed in Yellowstone?" Fussner then said, "No not allowed but they will be doing it in cities. Im talking about shooting during the fireworks cus crowds there will be easy targets."

18.    The afternoon of July 2, Fussner began texting his brother again, this time complaining about Yellowstone becoming, "80% J1s. 50% chink/30% spic . . . Whites seem to have disappeared . . . Very odd hellscape im in."[1] In a string of texts which follows, Fussner complained about modes of thinking, more about the hellscape he was in, and blaming Jews for transferring this "extreme system" to him and his kind. Fussner then told his brother about Victim 1, saying he was obsessed with her, describing her physical appearance, and referring to her as, "German stock."

19.    On the morning of July 3, Fussner again texted his brother, indicating that he had figured out what was wrong with him, concluding that "continuing to live would be meaningless. I would just continue to suffer and feel nothingness even if I could gain everything I could logically think I wanted. Dead is a good thing. It is a release. Ive lived much longer than I should have already … But I want a good dearh [sic]. One that was fun and had some kind of meaning."

---

[1] Upon information and belief, the term "J1" refers to a non-citizens who utilizes a J-1 visa to travel to the United States for study or cultural exchange.

**B.    Fussner's kidnapping of Victim 1**

20.    Sometime around 9:40 p.m. on July 3, 2024, Fussner went to Victim 1's dorm room. She told him that she was not interested in him romantically and he left. Twenty minutes later, Fussner returned.

21.    At approximately 10:00 p.m. on July 3, 2024, Fussner entered Victim 1's dorm room in the Canyon Grizzly Dorm and took her hostage. Fussner knocked on her door before forcefully entering when she opened the door. Fussner pulled out a knife for a short time and then put it away and pulled out a handgun. Fussner proceeded to hold Victim 1 hostage for approximately two hours. During this time, Fussner told Victim 1 he was taking her hostage and that she was not free to leave. According to Victim 1, Fussner never pointed the gun at her, but he did keep it in his hands for the entire two hours with his finger close to the trigger.

22.    During those two hours, Fussner also ranted about his mental health issues, his racist ideations, and his plans to carry out a mass shooting at the employee dining room in Canyon Lodge and the fireworks display at West Yellowstone, Montana.

23.    Fussner told Victim 1 he wanted to kill himself ten years ago, but he could not pull the trigger. Fussner indicated that he wanted people to go down with him, so he had to do something major; he wanted to make a statement because politics in America are messed up, and law enforcement was going to have to kill him. Fussner told Victim 1 he did not like how America was bringing in non-Americans and how that was changing the culture. He indicated that he thought all blacks were evil and reported hating Jews. Fussner also expressed racist thoughts against "J-1s".

24.    Fussner told Victim 1 that he had plans to go to a "jew camp" and shoot Jewish kids. Fussner then told Victim 1 he was going to go to West Yellowstone for fireworks on the Fourth to shoot into a large crowd of people. Fussner told Victim 1 he was particularly fed up on

that day, July 3, and came up with a last minute plan to shoot up the Canyon employee dining room.

25.     A little before midnight, Victim 1's roommate entered the dorm room. Fussner hid the gun under his arm so that Victim 1's roommate could not see it. Victim 1's roommate went to shower, at which point Fussner left. Before leaving, Fussner told Victim 1 that if the cops come to find him, he would have to come back to her room with something more powerful that doors won't stop. Victim 1 understood this to mean a larger gun.

26.     Victim 1 reported this incident to Xanterra security shortly after Fussner left, informing them of both the hostage incident as well as Fussner's plans to commit a mass shooting.

27.     A Xanterra security officer then contacted NPS dispatch and reported the incident, including Fussner's threat to shoot up the employee dining room.

C.      **Fussner's Attack on NPS employees**

28.     NPS Rangers spent the morning of July 4th searching for Fussner.

29.     On July 4, 2024 at 1:18am, Fussner started frantically texting his brother again, stating "Snapped and did something dumb :p . . . No way im doing time for it. A felon for that? Already had hard time in life." "I should have waited until July 4[th] and just done a crowd but something compelled me otherwise." "I kinda wanted to 'break the script' so to speak and it worked kinda but I faltered in the plan of full hostage doh!" "You aren't gonna be happy when you wake up lol but maybe I can do something funny."

30.     At 5:45am, Fussner's vehicle, a 2021 Nissan Rogue bearing VIN # JN1BJ1AV0MW308183, was located in the Canyon parking lot by Xanterra security. Rangers approached the vehicle and determined it was unoccupied. In plain view on the center console Rangers observed a pistol. Given the hazard of a firearm left sitting in an unattended vehicle, Rangers tested the driver's door and found it to be unlocked. Rangers then retrieved the firearm, a

Ruger brand .380 caliber pistol bearing serial number 381430209, loaded with a round in the chamber. While retrieving the pistol, Rangers also observed and subsequently seized a loaded 9mm magazine for a Glock type handgun, rifle magazines, and multiple high-capacity Glock style handgun magazines. Rangers also noticed an individual first aid kit behind the driver's seat. The Rangers then secured the vehicle.

31.    During a subsequent search of the vehicle, federal law enforcement discovered a Maverick Arms Model 88 12 gauge shotgun bearing serial number MV09835V, concealed within a guitar case.

32.    It was observed that Fussner had reversed the Nissan into a parking spot to allow for a quick getaway. He had also chosen to park the vehicle on the opposite side of the Canyon lodge from where he entered, allowing for him to pass through the building and onto his next target. Combining these facts with the presence of the loaded handgun in the center console and the individual first aid kit, it reasonably appeared that Fussner had tactically parked his vehicle so that he could make a speedy getaway to the next location.

33.    At approximately 8:05 am, Fussner exited the woods east of Canyon Lodge and north-east of Grizzly Dorm. Ranger 1 observed Fussner carrying an AR-15 type rifle with his left hand on the foregrip and right hand on the pistol-grip. This rifle was later identified as the Anderson Manufacturing AM-15 5.56 caliber rifle bearing serial number 20079928, as identified in the caption.

34.    Ranger 1 yelled for Fussner to stop and almost immediately Fussner turned toward Ranger 1, aimed his rifle at the Ranger and fired. Ranger 1 took cover behind a tree.

35.    After firing at Ranger 1, Fussner continued towards the employee dining room through the loading dock area. Rangers 2 and 3, who were stationed inside the hallway of the

lodge, next to the employee dining room, made contact with Fussner. Ranger 2 and Fussner repeatedly exchanged gunfire. In this exchange, Fussner shot Ranger 2 in the right foot, resulting in a severe foot injury which required Ranger 2 to undergo multiple surgeries and ultimately the loss of multiple toes.

36.    Fussner next exchanged gunfire with Ranger 3.

37.    After hearing additional gunfire, Ranger 1 headed for the loading dock area, where he encountered Fussner. Ranger 1 fired at Fussner, who then ran toward Ranger 1. Ranger 1 continued to fire until Fussner was neutralized and lying on the ground.

38.    Fussner was later pronounced dead by a physician.

39.    During a search of his person, Fussner was found to be in possession of a Glock model 17 9MM pistol bearing serial number AETZ389, as well as assorted ammunition and magazines.

## COUNT ONE – FORFEITURE
### (18 U.S.C. § 981(A)(1)(G))

40.    The United States incorporates by reference the allegations set forth in Paragraphs 1 to 39 above as if fully set forth herein.

41.    As described above, the Defendant Property was part of a plot to commit mass violence at the employee dining room in Canyon Lodge and/or the West Yellowstone fireworks show, resulting in the serious physical injury of one NPS employee.

42.    The Defendant Property is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(i), as domestic assets of an individual engaged in planning or perpetrating a federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, as well as the citizens or residents of the United States.

43.     Alternatively, the Defendant Property is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(ii), as assets acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing a federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, as well as the citizens or residents of the United States.

44.     Alternatively, the Defendant Property is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(iii), as assets derived from, involved in, or used or intended to be used to commit any federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, as well as the citizens or residents of the United States.

### COUNT TWO – FORFEITURE
(18 U.S.C. §§ 924(c) & (d))

45.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 44 above as if fully set forth herein.

46.     As described above, the Defendant Property is part of a plot to commit mass violence at the employee dining room in Canyon Lodge and/or the West Yellowstone fireworks show, resulting in the serious physical injury of one NPS employee.

47.     The Defendant Property, other than the 2021 Nissan Rogue, is subject to seizure and forfeiture pursuant to 18 U.S.C. § 924(d)(1) as any firearm or ammunition involved in or used in any knowing violation of section 924 shall be subject to seizure and forfeiture. Subsection 924(c) makes it a crime for "any person who, during and in relation to any crime of violence ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]"

## V.    PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that notice issue on the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Property be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED this 3rd day of January 2025.

ERIC HEIMANN
United States Attorney

By: _____

JEREMY A. GROSS
Assistant United States Attorney

## <u>VERIFICATION</u>

I, Eric Barker, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement representatives and that everything represented herein is true and correct to the best of my knowledge.

Executed on this 3rd day of January 2025.


_____
Special Agent Eric Barker
Federal Bureau of Investigation

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeremy A. Gross
2120 Capitol Ave., P.O. Box 668
Cheyenne, WY 82003

**DEFENDANTS**

2021 Nissan Rouge SUV, VIN # JN1BJ1AV0MW308183;
ANDERSON MANUFACTURING AM-15 5.56 CAL. RIFLE
~~~~~~~~~~~~~~~~~~~~~~~

County of Residence of First Listed Defendant    Teton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [x] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[x] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 981(a)(1)(G)(i), (ii), and (iii), and 18 U.S.C. §§ 924(c) & (d).

Brief description of cause:
The Defendant Property are subject to civil forfeiture resulting from criminal conduct including a crime of violence and domestic terrorism.

**VII. REQUESTED IN COMPLAINT:**

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    [ ] Yes   [x] No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
01/03/2025

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.