FILED



3:31 pm, 8/1/25

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

2021 NISSAN ROGUE SUV,
VIN # JN1BJ1AV0MW308183;

ANDERSON MANUFACTURING AM-
15 5.56 CAL. RIFLE BEARING S/N
20079928;

GLOCK INC. MODEL 17 9MM PISTOL
BEARING S/N AETZ389;

MAVERICK ARMS MODEL 88 12
GAUGE SHOTGUN BEARING S/N
MV09835V;

RUGER MODEL LCP .380 CAL.
PISTOL BEARING S/N 381430209,

ASSORTED MAGAZINES AND
AMMUNITION,

        Defendants.

Case No.  25-CV-03-KHR

---

## ORDER ON NOAH FUSSNER'S MOTION FOR AMENDMENT TO CLAIM AND UNITED STATES OF AMERICA'S MOTION TO STRIKE CLAIMANT NOAH FUSSNER'S VERIFIED JUDICIAL CLAIM

---

This matter comes before the Court on *Noah Fussner's Motion for Amendment to Claim* ("*Motion for Amendment*") [ECF No. 10] and the *United States of America's Motion to Strike Claimant Noah Fussner's Verified Judicial Claim* ("*Motion to Strike*") [ECF No.

9]. The United States of America ("Plaintiff") filed a response in opposition to the *Motion for Amendment* on April 10, 2025 ("*Response*"). ECF No. 11. Having reviewed the *Motion for Amendment*, the *Response*, the *Motion to Strike*, and otherwise being fully informed, the Court finds and concludes as follows:

BACKGROUND

On July 4 and 5, 2024, law enforcement seized the following items from Samson Lucas Bariah Fussner ("Lucas Fussner") or his vehicle in Yellowstone National Park: (1) a 2021 Nissan Rogue SUV with a VIN number of JN1BJ1AV0MW308183; (2) an Anderson Manufacturing AM-15, 5.56 Caliber Rifle bearing serial number 20079928; (3) a Glock Inc. Model 17, 9MM Pistol bearing serial number AETZ389; (4) a Maverick Arms Model 88, 12 gauge Shotgun bearing serial number MV09835V; (5) a Ruger Model LCP, .380 Caliber Pistol bearing serial number 381430209; and (6) assorted magazines and ammunition (collectively referred to as the "Defendant Property"). ECF No. 1 at 2. On January 3, 2025, Plaintiff filed a *Verified Complaint for Forfeiture in Rem*, asserting the legal and factual basis supporting the forfeiture of the Defendant Property pursuant to 18 U.S.C. § 981. *Id.*

On January 31, 2025, Noah Fussner ("Claimant"), Lucas Fussner's brother, filed a Verified Judicial Claim for the 2021 Nissan Rogue and all items within the vehicle as well as all of his brother's personal property found in the dormitory where he was residing at the time of his death. ECF No. 7. Claimant asserts that he is the heir to his brother's estate through a power of attorney executed by his parents. *Id.* Claimant also asserts that he is the

title holder of the 2021 Nissan Rogue as of August 20, 2024.[1] *Id.* On March 10, 2025, Plaintiff filed the *Motion to Strike*, seeking to strike Claimant's claim to the Defendant Property. ECF No. 10.

In the *Motion to Strike*, Plaintiff argues that Claimant lacks standing. *Id.* at 3. It also argues that Claimant failed to identify the specific property claimed and to sufficiently state his interest in each of the items which comprise the Defendant Property. *Id.* Claimant filed his *Motion for Amendment*, seeking to provide evidence of his parents' execution of a power of attorney agreement, allegedly granting Claimant their interest in Lucas Fussner's property. ECF No. 10 at 2. Plaintiff opposed the *Motion for Amendment*, arguing that any amendment to Claimant's claim was futile because Claimant cannot show an interest in the Defendant Property arising before July 4, 2024. ECF No. 11 at 2.

## RELEVANT LAW

After a party's time to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, and the decision of granting leave to amend is within the discretion of the trial court. FED. R. CIV. P. 15(a); *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584–85 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). The United States Court of Appeals for the Tenth Circuit has adopted a liberal standard

---

[1] Contrary to Claimant's initial assertion,  title to the 2021 Nissan Rogue SUV with a VIN number of JN1BJ1AV0MW308183 lists Felic Fussner, Lucas Fussner's father, as the title holder. ECF No. 7. Plaintiff sent Felic Fussner a notice of the *Verified Complaint for Forfeiture in Rem*. ECF No. 6. Felic Fussner has not filed a verified claim and answer or otherwise responded to the Complaint.

when determining whether leave to amend a pleading should be given. *Martinez v. Cornell Corr. of Tex., Inc.*, 229 F.R.D. 236, 238 (D. N.M. 2005) (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Serv.*, 181 F.3d 1180, 1185–86 (10th Cir. 1999)). The liberal policy of granting motions to amend reinforces the basic principle that pleadings should enable a claim to be heard on its merits. *Martinez*, 229 F.R.D. at 238.; *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Forfeiture Actions are governed by Chapter 46 of Title 18 of the United States Code and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supplemental Rule G(8)(c)(i)(B) provides that, at any time before trial, the United States may move to strike a claim or answer "because the claimant lacks standing."

In order to establish statutory standing, a claimant must comply with the procedures set forth in Supplemental Rules C(6), G(5), and 18 U.S.C. § 923(a)(4)(A), including the timely filing of a verified claim stating the claimants interest in specific property. *See e.g. United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007). In addition to a showing of statutory standing, a claimant must show Article III standing, which turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy. *See United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1543-44 n.12 (11th Cir. 1987) (noting that because a forfeiture action is brought against

property and not the claimant, the claimant bears the burden of proving that "he has a legally cognizable interest in the property that will be injured if the property is forfeited to the government. It is this claim of injury that confers upon the claimant the requisite 'case or controversy' standing to contest the forfeiture.").

To satisfy the Article III standing requirement, a claimant must establish: (1) injury in fact; (2) a causal relationship between the injury and the challenged conduct; and (3) likelihood that the injury will be redressed by a favorable decision. *Wilson v. Glenwood Intermountain Properties, Inc.*, 98 F.3d 590, 593 (10th Cir. 1996). In a civil forfeiture action, "a claimant satisfies this burden by alleging a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest" coupled with "some evidence tending to support the existence of that ownership interest." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273, 1276 (10th Cir. 2008).

### RULING OF THE COURT

*Claimant failed to establish standing to challenge the forfeiture of the 2021 Nissan Rogue, and his Claim should be stricken.*

In his *Motion for Amendment*, Claimant states "[t]hough not specifically mentioned in the original claim, I lay no claim to the firearms listed as items 2-6." ECF No. 10 at 5. Accordingly, this leaves item No. 1, the 2021 Nissan Rogue, as the only property over which Claimant is claiming an interest, and over which this Court has jurisdiction.

Despite the additional evidence provided in the *Motion for Amendment*, the Court finds that Claimant has failed to establish standing in this forfeiture action. A claimant cannot contest a forfeiture without first demonstrating standing. *Mercado v. United States Customs Service*, 873 F.2d 641, 644 (2d Cir. 1989). Importantly, "no third party can acquire a legally cognizable interest in a piece of property at any time **after** the date of the illegal act which serves as the basis of the forfeiture." *United States v. 10652 South Laramie, Oak–Lawn, Illinois*, 779 F. Supp. 952, 955 (N.D. Ill. 1991) (bold emphasis added).

Here, Claimant's purported interest in the 2021 Nissan Rogue arose after the incident giving rise to the forfeiture. *See* 18 U.S.C. § 981(f) ("All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section."). The documents Claimant provides which purport to create a power of attorney were executed after Lucas Fussner's death, and after the "commission of the act giving rise to forfeiture," on July 9th and 15th, respectively. *Id.*; ECF No. 10 at 7, 8. Thus, even if this Court were to provide Claimant with an opportunity to amend his claim with the additional evidence provided in his *Motion for Amendment*, such amendment would be futile given the application of the relation back doctrine under 18 U.S.C. § 981(f). Claimant's *Claim*, and his *Motion for Amendment*, both fail to demonstrate standing in this forfeiture action and his *Claim* is therefore subject to Supplemental Rule G(8)(c)(i)(B).

## CONCLUSION

Based on the forgoing, it is hereby ORDERED that Claimant's *Motion for Amendment* [ECF No. 10] is DENIED and that Plaintiff's *Motion to Strike* [ECF No. 9] is GRANTED.


Dated this 1st day of August, 2025.


_____
Scott P. Klosterman
United States Magistrate Judge